## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MEDICAL MUTUAL OF OHIO**, 2060 East Ninth Street Cleveland, OH 44115 | ) ) ) ) | **CASE NO.:** **JUDGE:** |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER, AND OTHER RELIEF** |
| **ROBERT SUNYAK**, 911 Marks Road, Apt. J Brunswick, OH 44212 | ) ) ) ) | |
| Defendant. | ) | |

For its Complaint against Defendant Robert Sunyak ("Defendant" or "Sunyak"), Plaintiff Medical Mutual of Ohio ("Plaintiff" or "Medical Mutual") states as follows:

### INTRODUCTION

This is an action for emergency injunctive relief to compel Sunyak, a former IT Security Specialist for Medical Mutual who surreptitiously downloaded for his personal use certain of Medical Mutual's most sensitive and proprietary trade secrets – including critical information regarding its IT security and vulnerabilities – to return that information to Medical Mutual and cease any use, transfer or disclosure of the information. Sunyak does not deny that he retained such information, but nevertheless has refused to return it, necessitating this lawsuit. Sunyak also surreptitiously and without authorization deleted certain information from Medical Mutual's systems, causing impact to Medical Mutual's operations.

## PARTIES

1. Medical Mutual is a not-for-profit corporation incorporated under the laws of the State of Ohio, having its principal place of business in Cleveland, Ohio.

2. Upon information and belief, Defendant Robert Sunyak is an Ohio resident who at all material times resided at 911 Marks Road, Apt. J, Brunswick, OH 44212.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of Medical Mutual's federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 et seq. Accordingly, this Court has original jurisdiction over this action. 18 U.S.C. § 1836(c).

4. Venue is also proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) and (c)(2) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district, Sunyak resides within this judicial district, and Medical Mutual has the capacity to sue in this judicial district in which it maintains is principal place of business.

## FACTS

5. Medical Mutual provides health insurance and claims administration services to individuals and entities throughout Ohio.

6. Sunyak first became employed by Medical Mutual in September 1999 and has been subject to a Confidentiality Agreement since the onset of his employment.

7. In 2015, Sunyak began working in Medical Mutual's IT Security Department as IT Security Specialist III. In that position, Sunyak was responsible for complex day-to-day operation of Medical Mutual's security functions relative to policy administration and enforcement, project

management, vulnerability management, and ensuring system security and audit controls are in place and functioning properly.

8. As part of his duties, Sunyak was a critical member of the vulnerability management team, responsible for review and oversight surrounding corporate risk posture, internal and external threats, and remediation and mitigation of IT vulnerabilities.

9. In connection with his position, Sunyak had access to highly sensitive data that is confidential and proprietary, including information regarding Medical Mutual's IT security information and vulnerability details.

10. In his position, Sunyak also had access to, and was responsible for protecting, extensive personal information concerning policyholders; medical diagnoses; corporate system procedures; business information, including business strategies, sales, marketing, internal systems, and financial data; and medical and financial information of members and providers including, but not limited to, Individually Identifiable Information and Protected Health Information as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

11. All this information is confidential and proprietary, is not publicly known, and has been generated and cultivated by Medical Mutual over many years for internal use and operation.

12. Medical Mutual engaged in reasonable efforts to preserve the secrecy of its confidential and proprietary information.

13. Given his position as an IT security specialist, Sunyak had extensive knowledge of Medical Mutual's IT security measures in place to preserve the secrecy of its confidential and proprietary information.

14. To help ensure the privacy of information stored on computer files, all employees are assigned a password protected code that must be used to retrieve certain information. Highly

sensitive information, such as vulnerability management data, is subject to additional restrictions, including but not limited to, limited access to a handful of people responsible for vulnerability management, including Sunyak.

15. Medical Mutual's efforts also included requiring employees, who were exposed to trade secrets and confidential and proprietary information, to sign written agreements that restricted their ability to use or disclose that information.

16. As a condition of his employment, Medical Mutual required Sunyak to sign a confidentiality agreement, upon hire in 1999, and annually thereafter, as part of compliance training. Most recently, Sunyak signed a Compliance Certification on August 16, 2022, which certifies that Sunyak has reviewed and agrees to the Company's Confidentiality Policy ("the Policy") and to the terms of the Confidential, Non-Disclosure, and Intellectual Property Agreement ("the Agreement"). A true and accurate copy of the Compliance Certification, the Policy, and the Agreement are attached as Exhibits A-C.

17. Section 1 of the Agreement provides:

<u>Non-disclosure of Confidential Information</u>. I agree at all times to hold as secret and confidential any and all knowledge, technical information, financial information, business information, developments, trade secrets, know-how and confidences of Medical Mutual or its business or business affiliates, including, without limitation,

(a) medical diagnoses, procedures used in handling specific cases, medical and financial information of Members and providers including, but not limited to, individually identifiable health information and other protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

(b) information or business secrets relating to Members, providers, customers, vendors, consultants, licensees, business associates, business affiliates, strategies, business, conduct or operations of Medical Mutual;

(c) the existence or modification of, or possible new uses or applications for, any of Medical Mutual's products or services;

(d) any of Medical Mutual's Member lists, pricing and purchasing information or policies;

(e) any methods, processes, ways of business employed in the use, sale or marketing of Medical Mutual's products or services;

(f) any other information treated as confidential, proprietary, sensitive, or a trade secret by Medical Mutual or its Members, providers, customers, vendors, consultants, licensees, business associates, or other business affiliates (collectively, including the foregoing items, "Confidential Information") of which I acquired knowledge before, during, or after my employment with Medical Mutual.

18. Section 2 of the Agreement provides:

<u>Defend Trade Secrets Act.</u> I agree and understand that my non-disclosure obligations set forth in Paragraph 2 above prohibits me from using (but for in connection with my employment), disclosing and/or misappropriating trade secrets in as defined and protected by federal law . . . .

19. The Agreement further expressly provides that:

After the termination of my employment, I will not use any Confidential Information for any purpose. Upon the cessation of my employment with Medical Mutual, I shall promptly return to Medical Mutual any and all Confidential Information, written or otherwise, in any medium, whether hard copy or electronic, that I received from Medical Mutual or any other source. This requirement applies to any copies made of Confidential Information, to any materials made or derived from Confidential Information, and to any materials that otherwise include Confidential Information. This requirement includes, but is not limited to, Company documents, handwritten notes, emails, and electronic information, documents, and paper copies. I agree to return any such information in any form unless an alternative method of disposition or destruction is approved by Medical Mutual. (Exhibit C at pg. 2).

20. Likewise, the Policy provides that employees may not use Confidential Information for personal financial gain of any sort or for any other purpose except for those related to furthering the legitimate interests of Medical Mutual. (Ex. B at pg. 2).

21. Thus, pursuant to both the Policy and the Agreement, Sunyak could not use or disclose Medical Mutual's defined trade secrets or confidential information at any time, for any

other purpose except for those related to furthering the legitimate interests of Medical Mutual. Nor could he use or disclose Medical Mutual's defined trade secrets or confidential information for personal financial gain of any sort.

22. On February 20, 2023, Sunyak informed Medical Mutual of his intent to resign from his employment. Sunyak's last day of employment with Medical Mutual was on February 23, 2023.

23. On or about February 23, 2023, Medical Mutual discovered that, beginning in February 2023, Sunyak collected, downloaded, and externally shared numerous company files, data, and intellectual property for personal use, including multiple meeting records, e-mail archival data, and internal product and process documentation.

24. This confidential and proprietary information was either uploaded to Sunyak's personal Google Drive, sent electronically to his personal Google Mail account, or downloaded to a USB Flash Drive, upon information and belief. A true and accurate list of the confidential, proprietary and trade secret information misappropriated by Sunyak and the method by which such information was obtained is attached hereto as Exhibit D.

25. After sharing the data externally for his personal use, Sunyak then deleted all file and e-mail content from Medical Mutual's systems, including data from his Microsoft Exchange, OneDrive, Network Shares, and on the company laptop computer. The destruction of Medical Mutual's confidential and proprietary information has, among other things, created operational challenges internally.

26. This data is extremely sensitive and contained company proprietary information including confidential security information that presents risks to the organization, including risk of compromise and breach to one or more of Medical Mutual's critical systems and risk of a

complete system takeover by an outside threat using the data as blueprint to compromise internal or external assets.

27. Medical Mutual has made multiple attempts to communicate with Sunyak regarding these concerns, including a letter sent on or about February 24, 2023, advising Sunyak that his actions constitute a breach of the Agreement and requesting written assurance that he has deleted and/or destroyed any and all Company property in his possession and will not use any such information in the future for any purposes. Medical Mutual further advised that Sunyak had until 12:00 P.M. on February 27, 2023 to respond. A true and accurate copy of Medical Mutual's February 24, 2023 letter is attached hereto as Exhibit E.

28. On or about February 24, 2023, Medical Mutual received an e-mail from Sunyak which expressed his intent to use Medical Mutual's confidential and proprietary information for a purpose other than to further the legitimate interests of the Company.

29. Sunyak ultimately ignored Medical Mutual's request and failed to provide written assurance that he deleted and/or destroyed any and all Company property in his possession and will not use any such information in the future for any purpose by Medical Mutual's February 27, 2023 deadline.

30. As of the filing of this Complaint, Medical Mutual has still not received verbal or written assurance from Sunyak indicating that he deleted and/or destroyed any and all Company property in his possession and will not use any such information in the future for any purpose.

31. As a result of Sunyak's acts of misconduct, Medical Mutual has and will continue to sustain damages and legal fees, and is threatened with imminent and irreparable harm.

## COUNT I
### (Misappropriation of Trade Secrets Under the Federal Uniform Trade Secrets Act, 18 U.S.C. §§ 1836-39 et seq.)

32. Medical Mutual incorporates herein by reference all allegations contained in Paragraphs 1 through 31 as if fully rewritten.

33. By virtue of his position with Medical Mutual, Sunyak had knowledge of trade secrets, as that term is defined in Federal Uniform Trade Secrets Act, 18 U.S.C. §§ 1836-39 et seq., belonging to Medical Mutual, including but not limited to the vulnerability management data outlined above.

34. Medical Mutual's trade secrets are not available or known to the public.

35. Medical Mutual's trade secretes relate to products and services used and/or intended to be used in interstate commerce.

36. As described above, Medical Mutual has at all times used reasonable protective measures to keep the secrecy of its trade secrets.

37. These trade secrets have independent economic value and give Medical Mutual a competitive advantage in health insurance and claims administration services marketplace.

38. Sunyak has violated his contractual and statutory obligations not to disclose or use trade secret information learned in the course of his employment with Medical Mutual. The obligation to refrain from disclosing or using trade secrets and confidential information continues even after the end of his employment.

39. As described above, Sunyak has misappropriated this confidential and trade secret information, including but not limited to, multiple meeting records, e-mail archival data, and assorted documents. This confidential and proprietary information was either uploaded to Sunyak's personal Google Drive, sent electronically to his personal Google Mail account, or

downloaded to a USB Flash Drive, upon information and belief.  A true and accurate list of the confidential and proprietary information misappropriated by Sunyak and each method obtained is attached hereto as Exhibit B.

40. The misappropriation of trade secrets constitutes imminent, immediate, and irreparable harm to Medical Mutual which it cannot be adequately compensated by monetary damages alone if the injunctive relief requested is not granted. The harm to Medical Mutual includes, but is not limited to, risk of compromise and breach to one or more of the Company's critical systems and risk of a complete system takeover by an outside threat using the data as blueprint to compromise internal or external assets.

41. As a result of Sunyak's misappropriation as set forth above, Medical Mutual has been damaged in an amount to be determined at trial.

42. On information and belief, if Sunyak is not enjoined, he will continue to misappropriate and use Medical Mutual's trade secrets for his own benefit and to Medical Mutual's detriment.

43. Sunyak's misappropriation was willful and malicious, warranting punitive damages and entitling Medical Mutual to their attorneys' fees.

44. Medical Mutual is entitled to preliminary and permanent injunctive relief, enjoining and restraining Sunyak, and any other person or entity acting in aid or concert, or in participation with him, as follows: (a) prohibiting Sunyak, and any other person or entity acting in aid or concert or in participating with him, from using or disclosing any of Medical Mutual's trade secrets or confidential and proprietary information; (b) prohibiting Sunyak from engaging in any other conduct which would violate the Agreement; and (c) compelling him to return to Medical Mutual all trade secrets and confidential and propriety information in his possession.

## COUNT II
### (Breach of Contract)

45. Medical Mutual incorporates herein by reference all allegations set forth in Paragraphs 1 through 44 as if fully rewritten herein.

46. On or about August 16, 2022, Sunyak entered into a contract with Medical Mutual known as the Agreement. (See Ex. A).

47. Under the terms of the Agreement, Sunyak agreed to keep Medical Mutual's trade secrets and confidential and proprietary information confidential.

48. Medical Mutual has performed all of its obligations under the Agreement and all conditions precedent to the enforcement of the Agreement have been satisfied, waived, or abandoned.

49. Sunyak has breached and continues to breach the Agreement by, among other things,

50. As a direct and proximate result of Sunyak's breach of the Agreement, Medical Mutual has been and will continue to be damaged.

51. As a direct and proximate result of Sunyak's continuing breach of the Agreement, Medical Mutual is threatened with imminent and irreparable harm for which it has no adequate remedy at law.

52. Medical Mutual is entitled to preliminary and permanent injunctive relief, enjoining and restraining Sunyak, and any other person or entity acting in aid or concert, or in participation with him, as follows: (a) prohibiting Sunyak, and any other person or entity acting in aid or concert or in participating with him, from using or disclosing any of Medical Mutual's trade secrets or confidential and proprietary information; (b) prohibiting Sunyak from engaging in any other

conduct which would violate the Agreement; and (c) compelling him to return to Medical Mutual all trade secrets and confidential and proprietary information in his possession.

53. As a direct and proximate result of Sunyak's ongoing breach of the Agreement, Medical Mutual has been damaged in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000.00).

### COUNT III
### (Misappropriation of Trade Secrets Under the Ohio Uniform Trade Secrets Act, R.C. 1333.61, et seq.)

54. Medical Mutual incorporates herein by reference all allegations set forth in Paragraphs 1 through 53 as if fully rewritten herein.

55. By virtue of his position with Medical Mutual, Sunyak had knowledge of trade secrets, as that term is defined in Ohio Uniform Trade Secrets Act, R.C. 1333.61 et seq., belonging to Medical Mutual, including but not limited to the vulnerability management data outlined above.

56. These trade secrets have independent economic value and give Medical Mutual a competitive advantage in health insurance and claims administration services marketplace.

57. Sunyak has violated his contractual and statutory obligations not to disclose or use trade secret information learned in the course of his employment with Medical Mutual. The obligation to refrain from disclosing or using trade secrets and confidential information continues even after the end of his employment.

58. Sunyak has misappropriated Medical Mutual's confidential and trade secret information, including but not limited to, multiple meeting records, e-mail archival data, and assorted documents. A true and accurate list of the confidential and proprietary information misappropriated by Sunyak is attached hereto as Exhibit B.

59. The misappropriation of trade secrets constitutes imminent, immediate, and irreparable harm to Medical Mutual which it cannot be adequately compensated by monetary damages alone if the injunctive relief requested is not granted. The harm to Medical Mutual includes, but is not limited to, risk of compromise and breach to one or more of the Company's critical systems and risk of a complete system takeover by an outside threat using the data as blueprint to compromise internal or external assets.

60. As a result of Sunyak's misappropriation as set forth above, Medical Mutual has been damaged in an amount to be determined at trial.

61. Sunyak's misappropriation was willful and malicious, warranting punitive damages and entitling Medical Mutual to their attorneys' fees.

62. Medical Mutual is entitled to preliminary and permanent injunctive relief, enjoining and restraining Sunyak, and any other person or entity acting in aid or concert, or in participation with him, as follows: (a) prohibiting Sunyak, and any other person or entity acting in aid or concert or in participating with him, from using or disclosing any of Medical Mutual's trade secrets or confidential and proprietary information; (b) prohibiting Sunyak from engaging in any other conduct which would violate the Agreement; and (c) compelling him to return to Medical Mutual all trade secrets and confidential and propriety information in his possession.

## COUNT IV
### (Replevin)

63. Medical Mutual incorporates herein by reference all allegations contained in Paragraphs 1 through 62 as if fully rewritten.

64. Medical Mutual has title to and is entitled to immediate possession of personal property owned by Medical Mutual, including without limitation to Medical Mutual's confidential and proprietary information and all hard and electronic copies of Medical Mutual's data,

documents, and electronically stored information reflecting or related to Medical Mutual's confidential or proprietary information that are in the possession of Sunyak. Sunyak has wrongfully possessed and wrongfully detained the personal property of Medical Mutual.

65. Sunyak's wrongful possession and wrongful detention of the personal property of Medical Mutual has caused Medical Mutual to be damaged and Sunyak to be unjustly enriched in amounts yet to be determined. Medical Mutual will be irreparably harmed unless such wrongful possession and wrongful detention of the personal property are enjoyed by the Court.

66. Sunyak's wrongful possession of Medical Mutual's personal property was done willfully, maliciously and with wanton and reckless disregard of the rights of others, entitling Medical Mutual to an award of punitive damages.

67. Medical Mutual is entitled to preliminary and permanent injunctive relief, enjoining and restraining Sunyak, and any other person or entity acting in aid or concert, or in participation with him, as follows: (a) prohibiting Sunyak, and any other person or entity acting in aid or concert or in participating with him, from using or disclosing any of Medical Mutual's trade secrets or confidential and proprietary information; (b) prohibiting Sunyak from engaging in any other conduct which would violate the Agreement; and (c) compelling him to return to Medical Mutual all trade secrets and confidential and propriety information in his possession.

## **PRAYER FOR RELIEF**

Plaintiff Medical Mutual of Ohio respectfully requests that this Court enter judgement in its favor and against Defendant Robert Sunyak as follows:

    A.    A preliminary and permanent injunction ordering Sunyak to return to Medical Mutual all trade secrets and confidential and proprietary information of Medical Mutual in his possession, and enjoining Sunyak, and any other person or entity

acting in aid or concert or in participating with him, from using or disclosing any of Medical Mutual's trade secrets or confidential and proprietary information and from further breaching or engaging in any other conduct which would violate the Agreement;

B. A judgment against Sunyak in an amount in excess of $75,000 for all damages caused by his misappropriation of trade secrets and breaches of contract in an amount to be proven at trial;

C. A judgment and order of replevin compelling Sunyak to return all of Medical Mutual's property, including but not limited to Medical Mutuals confidential and proprietary information;

D. Award punitive damages; and

E. Award Medical Mutual pre- and post-judgment interest, costs, legal fees, and all other relief, at law or equity, that this Court deems appropriate.

Respectfully submitted,

/s/ Christopher C. Koehler
Christopher C. Koehler (0059384)
ckoehler@frantzward.com
Michael E. Smith (0042372)
msmith@frantzward.com
Meghan C. Lewallen (0090762)
mlewallen@frantzward.com
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
216-515-1660 – Phone
216-515-1650 – Fax

*Attorneys for Plaintiff*
*Medical Mutual of Ohio*

STATE OF OHIO           )
                                        **VERIFICATION**
COUNTY OF FRANKLIN )

I, Dave Hangen, being first duly sworn, depose and state that I am the Vice President of IT Infrastructure and Chief Information Security Officer for Plaintiff Medical Mutual of Ohio; that I am familiar with the facts referred to in this Verified Complaint; that I have read the allegations and facts contained in this Verified Complaint; and that said facts and allegations are true to the best of my knowledge and through my review of documents and conversations with others. In addition, I depose and state that because certain acts and conduct of the Defendant named herein are continuing, Plaintiff Medical Mutual of Ohio will suffer irreparable injury, loss and damage in the absence of a temporary restraining order and preliminary injunctive relief pending the trial of this case.

I declare under penalty of perjury that the foregoing is true and correct. (28 U.S.C. 1746).

Executed on:

__3/1/2023__
(Date)

_____
Dave Hangen
Vice President, IT Infrastructure and Chief
Information Security Officer
Medical Mutual of Ohio

01351796-1